DNY 1 434-436 E. 76th LLC v Hammer (2025 NY Slip Op 50587(U))

[*1]

DNY 1 434-436 E. 76th LLC v Hammer

2025 NY Slip Op 50587(U)

Decided on April 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570222/24

DNY 1 434-436 E. 76th LLC, Petitioner-Landlord-Respondent, 
against
Eileen Hammer, Respondent-Tenant-Appellant, and "Jane Doe," Respondent.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated May 22, 2024, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.

Per Curiam.
Appeal from order (Jack Stoller, J.), dated May 22, 2024, deemed an appeal from the final judgment (same court and Judge), entered May 22, 2024, and so considered (see CPLR 5520 [c]), final judgment affirmed, with $25 costs.
In primary residence cases, "the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]; see also 409-411 Sixth St., LLC v Mogi, 22 NY3d 875, 876-877 [2013]). Applying this standard, we find that the evidence, fairly interpreted, supports the trial court's conclusion that tenant did not use her New York apartment as her primary residence during the relevant period. The record shows, and the court expressly found, that tenant was absent from the premises for more than 75% of the two-year period prior to the July 30, 2020 expiration of her lease, during which time she resided in her daughter's home in Arizona, and even excusing her absence due to the COVID-19 pandemic, she was still "absent from the subject premises for a near-solid block of time from December 2018 through March 2020, save for about three months."
In addition, tenant's doctor and dentist were located in Arizona, her cell phone had an Arizona area code, tenant's niece resided in the subject apartment for several months and "absent from [tenant's] case was any documentary evidence of the type that could connect [her] with the subject premises." Tenant's attempts to otherwise explain her absence merely raised questions of [*2]fact and credibility for the trial court (see 409-411 Sixth St. LLC v Mogi, 112 AD3d 558, 558-559 [2013]). "[D]ue regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses" (300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997] [internal quotation marks and citation omitted]).
"While we are mindful that respondent has been the tenant of this apartment for many years, this history does not permit her to continue to enjoy the benefits of a rent-stabilized leasehold that she no longer uses as her primary residence" (Matter of Houston St. Mgt. Co. v La Croix, 158 AD3d 554, 555 [2018]). 
Tenant's request to further stay execution of the warrant should be made in the first instance to the trial court. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 23, 2025